UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONNIE J. MCCAMIS,

      Plaintiff,

v.

SERVIS ONE, INC., d/b/a BSI FINANCIAL       CASE NO. 8:16-cv-1130-T-30AEP
SERVICES, INC.,

      Defendant.
_____/

**STIPULATION AND ORDER GOVERNING THE PRODUCTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Plaintiff, Ronnie J. McCamis ("**Plaintiff**"), and Defendant, Servis One, Inc. d/b/a BSI Financial Services, Inc. ("**Defendant**"), parties to the above-captioned action (the "**Action**"), hereby stipulate and agree to the following Protective Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

**1.   Scope.**

This Order applies to all documents and information produced or disclosed by any person or party in response to discovery request(s) and/or subpoena(s) or otherwise in the Action. "Documents and information" shall include all documents, data, materials, things or information in any form whatsoever, whether on paper, videotape or audiotape, diskette, computer storage, tangible items, electronically stored, or otherwise, including without limitation all interrogatory answers, responses to requests for production of documents or requests for admissions, deposition testimony and transcripts, deposition exhibits and any other documents or information produced

or designated pursuant to the terms hereof by any person or party, including non-party witnesses, in response to or in connection with any discovery conducted in the Action, and the information derived from or contained therein.

**2.     Parties.**

The provisions of this Order shall be binding on, and shall inure to the benefit of the parties to the Action (hereinafter "parties"), their successors and assigns, and shall also be binding on all employees, agents, attorneys, auditors, consultants and representatives of each of the parties. In addition, all individuals or entities who have signed a Declaration of Confidentiality (attached as Exhibit A) will also be bound by the provisions of this Order.

**3.     Designation of Confidential or Attorney's Eyes Only Materials.**

Documents and information produced in discovery in this action may be designated as "Confidential Materials" or "Attorney's Eyes Only Materials" by the party or non-party producing such documents or information in discovery in this action or otherwise having the right to protect the confidential and/or proprietary nature of such documents or information. (The party or non-party making such a designation of confidentiality shall be called the "designating party" for purposes of this Order.) The designating party may designate as "Confidential Materials" any documents and information that the designating party in good faith considers to constitute, reflect, or reveal confidential or proprietary business information, personal information, customer information, or other information required by law or by agreement to be kept confidential, within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. The designating party may designate as "Attorney's Eyes Only Materials" any documents and information that the designating party in good faith considers to constitute, reflect, or reveal information concerning strategies, theories, pricing, profitability, new products, marketing initiatives, or other extremely

sensitive information that its disclosure must be even further restricted so as to protect the interests of the designating party pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. All such designated documents and information, and all information contained therein or derived therefrom, including all copies, excerpts, summaries, notes, or other memorialization, shall be referred to herein as "Confidential Materials" or "Attorney's Eyes Only Materials." Such designations of documents and information as "Confidential Materials" and "Attorney's Eyes Only Materials" shall be made in the following manner:

    a. with regard to written material, at the time of copying a legend, sticker or stamp shall be affixed to or imprinted on each page containing any Confidential Materials or Attorney's Eyes Only Materials (or if not otherwise practicable, to the first page of a document) substantially in the form "Confidential," "Confidential - Subject to Protective Order," "Attorney's Eyes Only," or "Attorney's Eyes Only - Subject to Protective Order;"

    b. with regard to non-written material, such as recordings, magnetic media, videotapes, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner at the time of copying;

    c. with regard to transcripts, designation of the specific portions of the transcripts (including exhibits) which contain Confidential Materials or Attorney's Eyes Only Materials shall be made by a statement to that effect on the record in the course of the deposition, hearing or trial by counsel for the designating party, or by letter between counsel within ten (10) days of receipt by counsel for the designating party of the transcript or copy thereof. Deposition testimony and deposition transcripts (including exhibits) shall be treated as Attorney's Eyes Only Materials under this Order until the expiration of the

10-day period for designation by letter. When designation is made on the record in the course of a deposition, hearing, or trial, the court reporter (and videographer, if any) shall mark the cover of each volume of the transcript with the legend "contains Confidential Information Subject to Protective Order" or "contains Attorney's Eyes Only Information Subject to Protective Order" and shall mark clearly in the transcript which pages (and exhibits, if not already so marked) contain Confidential Materials or Attorney's Eyes Only Materials; and

d. documents and information made available by a producing party to another party for inspection without confidentiality legends shall be deemed to be Attorney's Eyes Only Materials until copies are provided or, if copies of such documents and information are not requested, the designating party may designate by letter to counsel documents and information produced for inspection as Confidential Materials or Attorney's Eyes Only Materials.

**4. Use of Produced Documents and Information.**

All documents and information produced or disclosed in the Action, including, without limitation, in response to requests for the production of documents, interrogatories, requests for admission, deposition questions, subpoena, any other discovery device, and including, without limitation, all such documents and information which are designated as Confidential Materials or Attorney's Eyes Only Materials, shall be used solely for the purposes of this Action and any dispute between Plaintiff and Defendant, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

**5.     Disclosure of Confidential Materials or Attorney's Eyes Only Materials.**

Confidential Materials and Attorney's Eyes Only Materials reviewed, produced or disclosed in this Action shall not be disclosed, provided or made available by a recipient to any person or entity, without the prior written permission of the designating party, except the following:

    a.     Documents or information marked or designated as "Confidential" shall not be disclosed or made available by a recipient to any person other than:

        i.     the parties to the Action, including the parties' officers, directors and employees, all of whom are subject to the terms of this Order;

        ii.    the Court, and its employees, court reporters, and the jury, if any;

        iii.   counsel (both in-house and outside legal counsel) for the parties in this Action, and clerical, paralegal and secretarial staff employed by such counsel, all of whom are subject to the terms of this Order;

        iv.    actual or potential witnesses or deponents in this Action, and their counsel, during the course of, or, to the extent necessary, in preparation for depositions or testimony in this Action, or to the extent necessary to determine whether they are proper deponents or witnesses in this Action, provided that counsel for the party disclosing any Confidential Materials to any such actual or potential witness or deponent reasonably believes such person has properly discoverable information concerning the Confidential Materials to be disclosed;

        v.     outside experts or consultants who are retained by counsel for the parties (as described in Paragraph 5(a)(iii) hereof) expressly for the purpose of assisting counsel in, or for testimony in, this Action;

        vi.    former employees of a party assisting counsel (as described in Paragraph 5(a)(iii) hereof) for that party in the conduct of the Action; and

        vii.   court reporters and videographers or photocopying, document imaging or database services retained by counsel for the parties (as described in Paragraph 5(a)(iii) hereof) to record deposition testimony or to photocopy or process documents and information.

b.  Documents or information marked or designated as "Attorney's Eyes Only" shall not be disclosed or made available by a recipient to any person other than:

  i.  the Court, and its employees, court reporters, and the jury, if any;

  ii.  counsel (both in-house and outside legal counsel) for the parties in this Action, and clerical, paralegal and secretarial staff employed by such counsel, all of whom are subject to the terms of this Order;

  iii.  outside experts or consultants who are retained by counsel for the parties (as described in Paragraph 5(b)(ii) hereof) expressly for the purpose of assisting counsel in or for testimony in this Action;

  iv.  court reporters and videographers or photocopying, document imaging or database services retained by counsel for the parties (as described in Paragraph 5(b)(ii) hereof) to record deposition testimony or to photocopy or process documents and information.

c.  Before a party may disclose documents or information designated by any other party as Attorney's Eyes Only Materials to any person listed in Paragraph 5(b)(iii), other than such persons who are identified as authors, recipients or copyees on the face of such documents or information or who otherwise previously received or had knowledge of such documents or information in the course of their employment, that party shall, at least 3 business days prior to such disclosure, notify the designating party, in writing, of its intent to disclose Attorney's Eyes Only Materials to such persons. Such notification shall include the name, current address, and present and former employment affiliation (including job title(s), if any) of the person to whom such disclosure is proposed. The notification shall include a copy of the signed statement made in conformance with Paragraph 6 of this Stipulation and Order.

  i.  The notification and signed statement shall be delivered by hand delivery or by facsimile transmission. Notification to Defendant shall be delivered to: S. Douglas Knox, Esq., J. Kirby McDonough, Esq., and Zachary S.

        Foster, Esq., Quarles & Brady LLP, 101 East Kennedy Boulevard, Suite 3400, Tampa, Florida 33602-5195, (813) 387-1800 (facsimile). Notification to Plaintiff shall be delivered to: Brian L. Shrader, Esq. and Gus M. Centrone, Esq., Centrone & Shrader, PLLC, 612 W. Bay Street, Tampa, Florida 33606, (813) 336-0832 (facsimile) and to Katherine Earle Yanes, Esq., Kynes, Markman & Felman, P.A. P.O. Box 3396 Tampa, Florida 33601, (813) 221-6750 (facsimile).

    ii. A designating party receiving a notification of intent to disclose Attorney's Eyes Only Materials may object to the proposed disclosure by giving written notice of such objection to the party seeking to make the disclosure. Such notice shall be delivered in accordance with Paragraph 5(c)(i) above within three (3) business days of receipt of the notification of intent to disclose to which objection is made. If objection is made, the proposed disclosure shall not take place until the objection is resolved by agreement of the parties or overruled by the Court. Failure to object within the time period set forth above shall be deemed a consent.

d. Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient under the terms of Paragraph 5(a)(iii) or 5(b)(ii) hereof, from rendering advice to his or her client with respect to this Action, and in the course thereof, from generally relying upon his or her examination of Confidential Materials or Attorney's Eyes Only Materials. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Confidential Materials or Attorney's Eyes Only

Materials of another person or party where such disclosure would not otherwise be permitted under the terms of this Stipulation and Order.

**6.     Signing of Declaration of Confidentiality.**

Every person to whom Confidential Materials or Attorney's Eyes Only Materials are to be disclosed first shall be advised that the Confidential Materials or Attorney's Eyes Only Materials are being disclosed pursuant and subject to the terms of this Order. Furthermore, other than such persons who are identified as authors, recipients or copyees on the face of such documents or information or who otherwise previously received or had knowledge of such documents or information in the course of their employment, all persons to whom disclosure of Confidential Materials is to be made pursuant to Paragraphs 5(a)(iv)-(vi), and all persons to whom disclosure of Attorney's Eyes Only Materials is to be made pursuant to Paragraphs 5(b)(ii)-(iii) shall in addition, prior to such disclosure, be given a copy of this Order and shall be required to confirm their understanding of and agreement to abide by the terms of this Order by signing a declaration, a copy of which is attached hereto as Exhibit A, agreeing that he or she is bound by the jurisdiction of this Court and the terms of this Order, or by statement on the record as provided in paragraph 10 hereof. Counsel shall maintain such declarations in their files.

**7.     Subpoena from Third Party.**

Either party hereto, upon receipt of any subpoena from a third party seeking disclosure or production of documents or information which have been designated as Confidential Materials or Attorney's Eyes Only Materials subject to this Order, shall (a) provide prompt written notice of such subpoena to the designating party whose designated document or information has been subpoenaed so that the designating party may contest such subpoena and (b) promptly serve objections to the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure, or pursuant

to the applicable state rule of civil procedure, on the ground that the documents or information are covered by this Order. The designating party whose documents or information are covered by the subpoena shall cooperate in good faith with the recipient of the subpoena in the preparation and filing of the objections under this paragraph.

**8.     Impoundment Procedure.**

Any party who wishes to file with the Court documents, pleadings, motions or other papers containing, affixing, or reflecting Confidential Materials or Attorney's Eyes Only Materials (hereafter "Court Documents") shall be responsible for filing a motion to impound or seal such Court Documents (or the portions containing Confidential Materials or Attorney's Eyes Only Materials). Should the motion to impound or seal not be resolved by the date the Court Documents are scheduled to be filed with the Court, the filing party shall serve the other party with the Court Documents on the day they are scheduled to be filed with the Court and, in lieu of filing such Court Documents (or the portions thereof containing Confidential Materials or Attorney's Eyes Only Materials), will file instead a certificate of service. The Court Documents (or portions thereof containing any Confidential Materials or Attorney's Eyes Only Materials) will then be filed with the Court after the Court has resolved the motion to impound or seal.

a.     Any Confidential Materials or Attorney's Eyes Only Materials filed with the Court shall be filed in a sealed envelope or box including thereon a copy of the impounding order, which should bear the title and caption of this Action and a statement in substantially the following form:

CONFIDENTIAL [or ATTORNEY'S EYES ONLY]

> FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED _____, 2016, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.

>THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY COURT ORDER OR TO QUALIFIED PEOPLE FROM EITHER PARTY.

b. All such filed Confidential Materials or Attorney's Eyes Only Materials shall be maintained by the clerk in a secure area to be designated by the Court. If the impoundment order for any such materials provides a cut-off date, the materials shall be returned by the Clerk to outside counsel for the party who filed it at the cut-off date.

9. **Inadvertent Production of Confidential Materials, Attorney's Eyes Only Materials, or Privileged Materials.**

The inadvertent production of confidential or attorney's eyes only documents or information to a requesting party in discovery in this Action, regardless of whether or not such documents or information have been expressly so designated, shall not waive any protection for such documents or information under this Order. At any time after the production of documents or information which the producing party or other designating party considers to be Confidential Materials or Attorney's Eyes Only Materials, the producing party or other designating party may make a written request that specifically identifies the documents or information and asks that they be designated and treated as Confidential Materials or Attorney's Eyes Only Materials. The receiving party shall immediately designate the identified documents or information accordingly (or at its option request the designating party to affix the confidentiality designation) and from then on will treat the documents or information as such pursuant to this Order.

Should either party discover that it has made an inadvertent production of privileged documents or information, it shall notify the other party in writing and request return of the documents or information. The party receiving such notification shall return the privileged documents or information and all copies thereof, and shall destroy all notes, work product, or

electronic data reflecting the contents of such privileged documents or information, within ten (10) days of receipt of such written notification. No use shall be made of such privileged documents or information during depositions or at trial, nor shall such privileged documents or information be disclosed to anyone who was not given access to the privileged documents or information before the written notification requesting the return of the privileged documents or information. The party returning such documents or information may move the Court for an order compelling production of the documents or information, but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

If a party receives any documents or information which it reasonably believes were inadvertently produced by the producing party, the receiving party shall promptly sequester the potentially privileged documents and information, shall promptly notify the producing party of the production of potentially privileged documents and information, and shall await instructions from the producing party regarding the return of the documents and information. Upon written notification from the producing party requesting the return of the documents or information, the receiving party shall return the privileged documents or information and all copies thereof, and shall destroy all notes, work product, or electronic data reflecting the contents of such privileged documents or information, within ten (10) days of receipt of such written notification. No use shall be made of such privileged documents or information during depositions or at trial, nor shall such privileged documents or information be disclosed to anyone. The party returning such documents or information may move the Court for an order compelling production of the documents or information, but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

**10.     Documents or Information Introduced at Deposition.**

Attendance at depositions at which Confidential Materials or Attorney's Eyes Only Materials are identified, discussed or disclosed shall be limited to those persons who are authorized to receive such documents or information under the terms of this Order. If any person not entitled to receive such documents or information is in attendance at a deposition, a party at its request may have that individual excluded from the room in which the deposition is taking place for the duration of time in which the documents or information are being discussed. If any documents or information identified as Confidential Materials or Attorney's Eyes Only Materials are to be used during the deposition of a non-party witness, and disclosure of such documents or information is otherwise permissible under this Order, the deponent shall be given a copy of this Order, shall be informed on the record of the terms of this Order, and shall agree to be bound by the terms of this Order either by so stating on the record or by signing the declaration attached hereto as Exhibit A. In the event a non-party witness refuses to agree to be bound by this Order, documents or information designated as "Confidential " or "Attorney's Eyes Only" shall not be revealed to the non-party witness without the consent of all parties to this Order or by leave of Court.

**11.     Introduction of Documents or Information at a Hearing or Trial.**

In the event any Confidential Materials or Attorney's Eyes Only Materials are to be disclosed at a hearing or trial in this action, the disclosing party (if not the designating party) will give the designating party no fewer than ten (10) business days advance notice (or, in the case of an emergency or expedited hearing, such prior notice as is reasonable under the circumstances) so that the party whose information is to be disclosed may seek an appropriate order from the Court to protect such documents or information from public disclosure. By agreeing to this Stipulation

and Order, no party waives any right it may have to oppose such relief. With respect to documents to be introduced as exhibits at trial, the parties shall be governed by the Court's pre-trial order and future orders of the Court.

**12.     Objections to Designation.**

Should any party object to any party's or person's designation of documents or information as Confidential Materials or Attorney's Eyes Only Materials, the objecting party shall notify opposing counsel of the objections and counsel shall promptly confer in an attempt to resolve the matter. If after ten (10) business days the matter remains unresolved, the objecting party may then apply to the Court for a determination of whether the designation should be removed. If no such application is made, the documents or information shall remain as designated. Any information which has been designated as Confidential Materials or Attorney's Eyes Only Materials but which is subject to a dispute as to its proper designation, shall be treated as it has been designated pending resolution of the dispute.

**13.     Non-Party Designation.**

Non-party witnesses may designate any portions of their depositions or documents or information as Confidential Materials or Attorney's Eyes Only Materials in the manner provided for above and the parties agree to treat such documents or information in the same manner as a party's designated documents or information.

**14.     Preservation of Rights and Privileges.**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any objection, claim, or other response to discovery on any grounds. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege or right to withhold any

documents or information, or of any right which any party may have to assert such privilege at any stage of the proceedings.

**15.    Modification of the Order.**

This Order shall not foreclose a party from moving this Court for an order that documents or information within the meaning of this Order are, in fact, not Confidential Materials or Attorney's Eyes Only Materials or otherwise subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure, provided that such a motion is made pursuant to the procedures set forth in paragraph 12 of this Order. In addition, this Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

**16.    Return of Documents or Information.**

At the conclusion of the Action, by final dismissal, judgment or settlement, with all time to appeal having expired, all Confidential Materials and Attorney's Eyes Only Materials covered by this Order, and all copies of same, and all documents or portions thereof containing information derived from documents or information covered by this Order, shall be returned by the receiving party or person to the producing party or person, or shall be destroyed, and counsel of record shall certify in writing within thirty (30) days of the conclusion of the Action that such material has been returned or destroyed. After the conclusion of the Action, each consultant or expert retained by counsel for the parties who receives Confidential Materials or Attorney's Eyes Only Materials shall also return such materials or certify in writing that such materials have been destroyed. At the conclusion of the Action, all Confidential Materials and Attorney's Eyes Only Materials filed with the Court shall be expunged from the Court records and returned to counsel.

**17.     Survivability of Obligations.**

The rights and obligations contained herein shall survive the conclusion of this Action and the return and/or destruction of documents and information to be treated as Confidential Materials or Attorney's Eyes Only Materials hereunder.

**18.     Binding Nature of Order.**

This Order shall be binding upon the parties and counsel and their officers, directors, and employees (and all persons who sign the declaration attached as Exhibit A) when signed and irrespective of whether or when the Court actually enters it as an Order of the Court.

**DONE AND ORDERED** in chambers at Tampa, Hillsborough County, Florida, this 19th day of October, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

15

## ATTACHMENT A
## DECLARATION OF CONFIDENTIALITY

I, _____, hereby state as follows:

I reside at _____;

     I hereby acknowledge that I am to receive documents or information pursuant to the terms of the Stipulation and Order Governing the Production and Exchange of Confidential Information (the "Order") in Case No. 8:16-cv-01130-JSM-AEP, entitled *Ronnie S. McCamis v. Servis One, Inc. d/b/a BSI Financial Services, Inc.,* pending in the U.S. District Court, Middle District of Florida (the "Litigation"). I certify that I have read and understand the Order.

     I am familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all Confidential Materials or Attorney's Eyes Only Materials in a confidential and secure manner, and that all such materials are to remain in my personal custody until I have completed my assigned duties, whereupon all Confidential Materials or Attorney's Eyes Only Materials, including but not limited to all writings prepared by me containing any Confidential Materials or Attorney's Eyes Only Materials, are to be returned to counsel or the party who provided me with such materials. I further understand and agree that any summaries or other documents containing knowledge or information obtained or derived from documents or information furnished to me pursuant to the Order also shall be treated by me as Confidential Materials or Attorney's Eyes Only Materials, and in accordance with my treatment of the actual documents or information themselves. I also agree to notify the parties in this Action if I receive a subpoena calling for the production of documents or information covered by this Order so that they may seek a protective order.

     I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purpose of this Action between the parties, any documents or information obtained pursuant to the Order, except as specifically provided in the Order. I understand that all Confidential Materials and all Attorney's Eyes Only Materials shall be used solely for the purpose of conducting the Action and may not be used for any other purpose, such as any business or commercial purpose. I understand that the obligations of confidentiality under the Order do not expire. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Order.

     I state under penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the _____ day of _____, _____.


                                        By: _____